**LAKESIDE STATE BANK, an Oklahoma banking corporation, Appellant,**

v.

**Bob DEARMOND, Appellee.**

**No. 59122.**

Supreme Court of Oklahoma.

Oct. 25, 1983.

---

**8.** 579 F.2d 561.

**9.** Accord, *First National Bank and Trust Co., Muskogee v. Exchange National Bank and*

**10.** 521 P.2d 823 (Okl.1974).

Rick Folluo, Tulsa, for appellant.

Wm. O. (Don) Evans, Tulsa, for appellee.

BARNES, Chief Justice:

This appeal arises from an action brought by the appellant, Lakeside State Bank, to collect amounts due on two promissory notes. In January 1971, the appellee was involuntarily committed to Eastern State Hospital for care and treatment under the provisions of Sections 54 and 55 of the Mental Health Act of 1953. From the record, it appears that he was admitted to an alcohol treatment unit. He was discharged on February 19, 1971, at which time the superintendent of the hospital executed a "Certificate of Restoration to Mental Competency" as required by 43A O.S.1971 § 392. This certificate was not filed pursuant to § 392 with the district court that had ordered him committed until January 19, 1981. However, a form dated February 19, 1971, advising the district court of appellee's discharge was filed with that court on February 24, 1971. Appellee filed a Petition for Restoration to Competency on January 21, 1981 and on that date the district court entered an order restoring him to full legal competency.

In 1980, *nine years* after his discharge, but prior to the court order restoring legal competency, the appellee executed two promissory notes to the bank, one for $5,043.04 and a second for $1,354.62. In August 1981, the bank brought this action to collect $1,787.90 due on the first note and $1,022.80 due on the second. The appellee, who has owned and operated a restaurant since 1977, does not allege that he was *actually* incompetent at the time he executed the notes but rather argues that because the court order restoring him to legal competency was not entered until the year after he executed the promissory notes, the notes are void due to his legal lack of capacity to contract.

The issue is whether an individual who was *actually* competent at the time he executed a promissory note may avoid liability because he had not yet been *judicially* restored to legal competency. We hold that he may not escape liability solely because all the necessary records were not promptly filed with the district court.

■ In deciding this case, we look to the Mental Health Act as it existed in 1971 when appellee was committed. The Act did not then, nor does it now, state that the superintendent must file the certificate of restoration with the district court within a certain time after the patient's discharge. In addition, the statute states that the certificate shall be *prima facie* evidence of the patient's mental competency and that no further evidence or proceedings are necessary prior to the court entering an order restoring legal competency. The statutory language allows the district court to rely totally on the decision of the superintendent that the patient is mentally competent. In light of the absence of any language requiring the superintendent to act with a specific time and the presence of language giving the certificate *prima facie* weight, we find that the legislature intended that the court order restoring the person to *legal* mental competency should be retroactively effective as of the date the patient was certified by the superintendent to be restored to mental competency.

To hold otherwise would result in gross inequity. For whatever reason, the certificate of restoration was not filed with the district court until ten (10) years after appellee's discharge. During that period, appellee owned and operated a business. By his own testimony, he fully understood the legal consequences of executing the promissory notes. He asks to be found *selectively* incompetent only as to these two notes. He does not request that any of his other business or personal transactions during the period in question be held void.

■ Appellant correctly argues that the purpose of statutes limiting a mentally incompetent person's capacity to contract is to shield that person from entering into contracts with others who might seek to take advantage of his decreased mental abilities. *Looney v. Chastain,* 395 P.2d 571 (Okl.1964). In the instant case, appellee seeks to use these protective statutes to defeat payment of two otherwise valid promissory notes.

Mental health records are not generally open to public inspection. Under 43A O.S.A.1971 § 54.1, the provision in effect when the notes were executed, such records are only open to public inspection, pursuant to a court order, by persons having a legitimate interest in them. Even if the appellant bank had actual knowledge of appellee's thirty day commitment to an alcoholic treatment unit nine years earlier, this alone without any other evidence of mental disability would not create a duty to petition the court for permission to inspect appellee's mental health records to ascertain that he had been judicially restored to competency.

It should be noted that the Mental Health Act has been amended since the appellee was involuntarily committed in 1971. At that time, all persons committed under Section 55 were presumed to be mentally incompetent without any additional medical or legal determination being made. Any person found by the district court to be "in need of treatment" was presumed incompetent. Section 65 of the amended Act has abolished this presumption of incompetency based solely on a court-ordered admission. Now, a *separate* and *independent* judicial proceeding is required to determine whether a person is mentally incompetent.

■ It is undisputed that the appellee was actually competent to execute the two promissory notes. He seeks to avoid liability for his default on the grounds that he had not been judicially restored to mental competency. For the reasons stated, we hold that the court order entered in 1981 restoring appellee to legal competency must be treated as retroactive and effective from February 19, 1971, the date when he was certified by the superintendent to be restored to competency. The decision of the trial court is therefore REVERSED.

SIMMS, V.C.J., and IRWIN, HODGES, LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

OPALA, J., dissent.